IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAE L.,[1]<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | **4:25-CV-3186**<br><br>**MEMORANDUM AND ORDER ON PLAINTIFF'S FRCP RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT** |

Plaintiff Trae L. requests that this Court reconsider its Memorandum and Order filed on September 24, 2026, which entered judgment in favor of the Commissioner of Social Security (the Commissioner) and affirmed the Commissioner's final decision denying plaintiff Trae L.'s application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*.. Filing 24. For the following reasons, the Court denies Trae L.'s FRCP Rule 59(e) Motion to Alter or Amend Judgment (Rule 59(e) Motion) now before the Court. Filing 26.

## I. INTRODUCTION

### A. Prior Proceedings

The Court provided a detailed factual background of the case in its previous Memorandum and Order. *See* Filing 24 at 1–3. To summarize briefly, Trae L. applied for Disability Insurance Benefits in 2021 under Title II of the Social Security Act. Filing 24 at 1. The Commissioner denied Trae L.'s application, and Trae L. opted to contest that denial. Filing 24 at 1–2. The administrative appeals process eventually led to a final hearing before an Administrative Law Judge (ALJ). Filing 24 at 1. The ALJ determined Trae L.'s residual functional capacity to be the following:

[1] The Court will refer to Plaintiff by first name and first initial of last name to protect his privacy.

> [S]edentary work as defined in 20 CFR 404.1567(a) with the following exceptions: he was able to stoop kneel, crouch, and reach overhead occasionally and was able to perform work that does not require crawling. [Trae L.] was able to handle and finger frequently. He was able to perform work that did not require concentrated exposure to extreme cold, wetness, or vibration. He was able to perform work in an environment with no more than moderate background noise. [Trae L.] was able to perform work that did not require climbing ladders or other exposure to hazards such as work at unprotected height. He was able to walk with the use of a cane and able to perform all the lifting and carrying required by sedentary work with the use of his free hand alone. [Trae L.] was able to perform simple tasks and to exercise proper judgment in performing those tasks. He was able to respond appropriately to routine changes in the workplace.

Filing 11-6 at 40. The ALJ issued an unfavorable decision finding that Trae L. "was not disabled." Filing 24 at 3 (quoting Filing 11-6 at 50). Following the exhaustion of administrative remedies, Trae L. sought review of the ALJ's decision in federal court. Filing 1.

On February 2, 2026, Trae L. filed his Motion for an Order Reversing the Commissioner's Decision (Motion to Reverse). Filing 16. On May 4, 2026, the Commissioner filed the Motion to Affirm the Commissioner's Decision (Motion to Affirm). Filing 21. On September 24, 2026, the Court issued a Memorandum and Order denying the Motion to Reverse and granting the Motion to Affirm. Filing 24. As relevant here, the Court held that the "ALJ's residual functional capacity did not impose a simple task limitation, so the vocational expert could recommend alternative occupations with Reasoning Level 3." Filing 24 at 11. Consequently, the Court entered judgment in favor of the Commissioner and against Trae L. Filing 25.

### B. Trae L.'s Rule 59(e) Motion

On October 1, 2026, Trae L. filed the Rule 59(e) Motion now before the Court. Filing 26. Trae L. asserts that the Court's Memorandum and Order issued on September 24, 2026, "contains a manifest error of law and that, but for the error, a judgment of remand would result." Filing 26 at 1. Trae L. requests as relief that this Court alter or amend judgment and remand the case to the Social Security Administration for further proceedings. Filing 26 at 5.

In support of his Rule 59(e) Motion, Trae L. asserts that the Court erred in determining that the ALJ's residual functional capacity did not impose a "simple task" limitation. Filing 26 at 2–4. Trae L. quotes the ALJ's residual functional capacity which stated: "The claimant was *able to perform simple tasks* and to exercise proper judgment in performing those tasks." Filing 26 at 2 (emphasis added by Trae L.) (quoting Filing 11-6 at 40). The ALJ's statement, Trae L. argues, qualifies "able to perform simple tasks" as "one of the 'exceptions' to sedentary work limitation." Filing 26 at 2. Thus, Trae L. contends that "[t]he phrase sets a ceiling on mental demands." Filing 26 at 2 ("Simple tasks are a maximum boundary . . . . As the [Eighth] Circuit notes, '[residual functional capacity] is defined as the most a claimant can do despite his limitations, including both physical and mental limitations. . . ." (quoting *Hensley v. Colvin*, 829 F.3d 926, 931 (8th Cir. 2016))). Therefore, Trae L. argues that the Court's conclusion that the ALJ's decision did not impose a "simple task" limitation is wrong. Filing 26 at 3. Additionally, Trae L. argues that this Court committed a manifest error of law by "treat[ing] the 'simple tasks' provision in the [residual functional capacity] as a floor for [Trae L.'s] reasoning ability." Filing 26 at 4.

## II. LEGAL ANALYSIS

### A. Rule 59(e) Standards

A motion pursuant to Federal Rule of Civil Procedure 59(e) "serve[s] the limited function of correcting manifest errors of law or fact or [presenting] newly discovered evidence."[2] *Tukaye v. Troup*, 157 F.4th 958, 962 (8th Cir. 2025) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)). The Eighth Circuit Court of Appeals has recognized that "[d]istrict courts have broad discretion in determining whether to alter or amend a judgment under Rule 59(e) . . . ." *Cont'l*

[2] Trae L. does not assert that the Court committed a manifest error of fact, so the Court's analysis will only address the alleged error of law. *See* Filing 26.

*Indem. Co. v. IPFS of New York, LLC*, 7 F.4th 713, 717 (8th Cir. 2021) (cleaned up). Additionally, the Eighth Circuit has explained that

> Rule 59(e) has a corrective purpose and as such cannot be used as a vehicle to tender new legal theories, raise arguments that could have been made prior to the issuance of judgment, re-argue the merits of the claims, or suspend a judgment's finality without specifically identifying for the court a manifest error of law or fact that needs correcting.

*Nordgren v. Hennepin Cnty.*, 96 F.4th 1072, 1077 (8th Cir. 2024).

### B. Trae L. Has Not Demonstrated that the Court Committed Any Manifest Error of Law

The Court concludes that Trae L. is not entitled to any relief on his Rule 59(e) Motion. *See Cont'l Indem. Co.*, 7 F.4th at 717. Trae L. has failed to identify any manifest error of law that requires correction. *See Nordgren*, 96 F.4th at 1077; *Cont'l Indem. Co.*, 7 F.4th at 717 ("Motions under Rule 59(e) serve the limited function of correcting manifest error of law or fact . . . ." (internal quotation marks and citations omitted)).

In the challenged order, the Court determined that the mere utterance of the words "simple task" by the ALJ did not impose a cognitive limitation for Trae L. to simple tasks. *See* Filing 24 at 7–8. The Court further held that Trae L.'s contention that the ALJ that imposed a cognitive limitation was not supported by substantial evidence in record. Filing 24 at 11; *see Bonham v. Bisignano*, 177 F.4th 934, 940 (8th Cir. 2026) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." (quoting *Biestek*, 587 U.S. at 102)).

As outlined in its prior order, the Court concludes the reasoning behind the residual functional capacity provided by the ALJ does not support the conclusion that the ALJ limited Trae L. to "simple tasks". *See* Filing 11-6 at 40–47. The ALJ's discussion of the record concerning Trae L.'s mental capacity is included in full detail below:

> Turning to mental impairments, [Trae L.] reported improvement in his mental health symptoms with treatment. [Trae L.] had an appropriate mood and affect. He was calm and cooperative on the exam. His thought process was coherent and organized and [Trae L.'s] thought content was relevant and non-delusional. On exam, [Trae L.] was able to repeat four digits forward and four backwards and recall three words immediately and two of three after a delay. [Trae L.] could count by two, perform simple arithmetic, say the alphabet, and spell "world" backward. Even though he was sedated, his concentration and attention were intact. Further, [Trae L.] treated his mental impairments relatively conservatively during the period under consideration.
>
> Lastly, [Trae L.] reported being able to pay bills and shop for groceries. He was also able to use applications to video chat with others. Further, he reported being able to dress himself, bathe, watch television, use a smart phone, use a microwave, and complete chores. [Trae L.] was able to make an interstate move with his family and establish new treatment providers between the alleged onset date and date last insured. It is not clear that [Trae L.] reported uncontrolled symptoms of depression, such as staying in bed for days, which would reasonably be expected.
>
> There is simply an absence of evidence in the record supporting [Trae L.'s] allegations of serious difficulty concentrating or other inability to complete basic mental work activities. Rather, his mental status examinations, conservative treatment, and reported activities of daily living support the finding that [Trae L.] was able to perform simple tasks, exercise proper judgment in performing those tasks, and to respond appropriately to routine changes in the workplace.

Filing 11-6 at 45 (internal record citations omitted).

Additionally, the ALJ explicitly considered and rejected as "unpersuasive" the evidence provided by both the "State agency psychological consultants" and "psychological Consultative Examiners" that might have supported a finding of a mental impairment. Filing 11-6 at 46–47. Instead, the ALJ noted that their opinions did "not adequately articulate the assessed limitations for use in a residual functional capacity assessment" and "reflect[ed] less than [Trae L.'s] full mental residual functional capacity." Filing 11-6 at 46–47. Both evaluations shared the opinion that "[Trae L.'s] sedation impacted his evaluation." Filing 11-6 at 47 ("[Trae L.'s] sedated state [during evaluation] artificially lowered his mental functioning and his abilities would be higher if not sedated.").

Additionally, during the hearing, the ALJ's instruction to the vocational expert reflects that Trae L.'s residual functional capacity did not include a cognitive limitation. *See* Filing 11-6 at 87–92. The ALJ's full instructions are included below:

> I want you to assume an individual who has no past relevant work. But who is able to perform sedentary work as that term is defined in the DOT and the Regulations. This person is able to stoop, kneel, and crouch occasionally. And is able to perform work that does not require crawling. Can reach overhead occasionally. Can handle and finger frequently. Is able to perform work that does not require concentrated exposure to extreme cold, wetness, or vibration. Is able to perform work in an environment with no more than moderate background noise. Is able to perform work that does not require climbing ladders or other exposure to hazards such as work at unprotected heights. And I will stop there. No, I won't stop there. I want a couple of other factors I want to ask you about. This person is able to perform simple tasks and exercise proper judgment in performing those tasks. And is able to respond appropriately to routine change in the workplace. Now if a person was able to do all of those things, would there be an occupational base for that person?

Filing 11-6 at 87. The ALJ's instruction focuses on the physical limitations and physical characteristics that would inform Trae L.'s alternative occupations. *See* Filing 11-6 at 48–49. The ALJ's instruction does not impose the cognitive characteristics as limitations. *See* Filing 11-6 at 87. Indeed, the ALJ did not instruct the vocational expert to assume the individual had a cognitive limitation. *See* Filing 11-6 at 87–92.

Finally, the regulatory definition of "sedentary work" which is central to the ALJ's residual functional capacity does not have an inherent cognitive limitation. 20 C.F.R. § 404.1567(a). "Sedentary work" falls under the category of "physical exertion requirements." 20 C.F.R. § 404.1567. The definition states:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, or small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). The regulatory definition of "sedentary work"—like the residual functional capacity described by the ALJ, Filing 11-6 at 40—focuses on physical limitations with no implication of cognitive limitations. *See generally* 20 C.F.R. § 404.1567.

The Court concludes that the record supports the Court's original determination that the ALJ did not impose a cognitive limitation in Trae L.'s residual functional capacity. *See* Filing 24 at 7–8. Although the ALJ certainly could have written with more clarity, the ALJ's use of the word "simple task" did not in the present case encompass a finding of a cognitive limitation. In his Rule 59(e) Motion, Trae L. does not offer the Court authorities that demonstrate that the Court committed a "manifest error of law" in reaching its prior conclusion. Additionally, to the extent that Trae L. raises new arguments or reiterates arguments previously made, a Rule 59(e) motion is not the appropriate vehicle to relitigate or disagree with an issued order. Accordingly, the Court does not find a sufficient basis to alter or amend the affirmance of the ALJ's decision.

## III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Trae L.'s Rule 59(e) Motion to Alter or Amend Judgment, Filing 26, is denied in its entirety.

Dated this 3rd day of November, 2026.

BY THE COURT:

[signature]

Brian C. Buescher
Chief United States District Judge